UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v.-

EMEKA NNAWUBA,

Defendant.

18 Cr. 117-6 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

In a prior order, this Court detailed (i) Defendant Emeka Nnawuba's participation in a wide-ranging scheme to defraud banks and to launder the proceeds of various fraudulent schemes, including romance scams and business compromise scams, and (ii) the Court's rationale for sentencing Mr. Nnawuba to a below-Guidelines term of 40 months' imprisonment. (Dkt. #296). The Court incorporates the factual and procedural summaries of that earlier order herein by reference.

Mr. Nnawuba served his term of imprisonment without incident and was released from custody. He began serving his term of supervised release on or about September 21, 2023, and that term is scheduled to expire on September 21, 2026. On February 9, 2026, the Court docketed Mr. Nnawuba's *pro se* motion for early termination of supervised release. (Dkt. #302). In it, Mr. Nnawuba recites that he has been fully compliant with the terms and conditions of his supervised release; that he has maintained stable employment; that he has been consistent in paying his restitution obligations;

and that he is an active contributor to both his family and his community. (*Id.*).

Section 3583(e)(1) of Title 18 of the United States Code empowers a court to terminate a term of supervised release at any time after the expiration of one year of that term so long as the court determines that such action is warranted by the conduct of the defendant and is in "the interest of justice."  18 U.S.C. § 3583(e)(1); U.S.S.G. § 5D1.4.  "Early termination is not 'warranted as a matter of course,' and decisions regarding termination of supervised release are within the discretion of the district court."  *United States* v. *Fernandez*, No. 10 Cr. 905 (LTS), 2025 WL 3687434, at *1 (S.D.N.Y. Dec. 19, 2025) (citing *United States* v. *Bastien*, 111 F. Supp. 3d 315, 321 (E.D.N.Y. 2015)).  Moreover, "[a] defendant's faithful compliance with the terms of his supervision does not, by itself, entitle him to modification or termination of his term of supervised release."  *United States* v. *Flores*, No. 99 Cr. 1110 (RWS), 2010 WL 2573385, at *1 (S.D.N.Y. June 28, 2010).  Rather, in considering a request brought pursuant to section 3583(e)(1), courts undertake an "individualized assessment" of the need for ongoing supervision guided by section 5D1.4 of the United States Sentencing Guidelines, the factors set forth in its accompanying Application Note 1(B), and the Section 3553(a) factors identified in Section 3583(e).[1]

---

[1]    The factors identified in Section 3583(e) include Section 3553(a)(1) ("the nature and circumstances of the offense and the history and characteristics of the defendant"), (a)(2)(B) ("the need for the sentence imposed … to afford adequate deterrence to criminal conduct"), (a)(2)(C) ("the need for the sentence imposed … to protect the public from further crimes of the defendant"), (a)(2)(D) ("the need for the sentence imposed … to

In the commentary to Guidelines Section 5D1.4, the United States Sentencing Commission offered a non-exhaustive list of factors that sentencing courts "may wish to consider":

(i)     any history of court-reported violations over the term of supervision;

(ii)    the ability of the defendant to lawfully self-manage (e.g., the ability to problem-solve and avoid situations that may result in a violation of a condition of supervised release or new criminal charges);

(iii)   the defendant's substantial compliance with all conditions of supervision;

(iv)    the defendant's engagement in appropriate prosocial activities and the existence or lack of prosocial support to remain lawful beyond the period of supervision;

(v)     a demonstrated reduction in risk level or maintenance of the lowest category of risk over the period of supervision;

(vi)    and whether termination will jeopardize public safety, as evidenced by the nature of the defendant's offense, the defendant's criminal history, the defendant's record while incarcerated, the defendant's efforts to reintegrate into the community and avoid recidivism, any statements or information provided by the victims of the offense, and other factors the court finds relevant.

U.S.S.G. § 5D1.4, comment. n.1(B).

In assessing an application for early termination under Section 3583(e)(1), courts must also be mindful of the intended role of

---

provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner"), (a)(4) (the kinds of sentences available), (a)(5) (pertinent policy statements), (a)(6) ("the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"), and (a)(7) ("the need to provide restitution to any victims of the offense").

supervised release, which is rehabilitative rather than punitive. *See, e.g., United States* v. *Johnson*, 529 U.S. 53, 59 (2000) ("Supervised release fulfills rehabilitative ends, distinct from those served by incarceration."). Because retribution is irrelevant to the Court's consideration of an request for early termination of supervised release, this Court — following the lead of a sister court in this District — declines to consider Section 3553(a)(2)(A), given that section's focus on the "seriousness of the offense," as well as the need to promote "respect for the law" and "just punishment for the offense." *See United States* v. *Elefant*, No. 21 Cr. 530 (SHS), 2026 WL 35256, at *1 (S.D.N.Y. Jan. 6, 2026) (citing *Esteras* v. *United States*, 606 U.S. 185, 188 (2025), for the proposition that courts may not consider Section 3553(a)(2)(A) when deciding whether to revoke a term of supervised release).

The Court understands that neither of the Probation Offices for the Southern District of New York or the Western District of Arkansas, nor the prosecutors in the underlying case, take a position with respect to Mr. Nnawuba's request. The Court has been advised by a Deputy Chief U.S. Probation Officer in this District that Mr. Nnawuba has been fully compliant with his terms and conditions of supervised release, including making consistent restitution payments. In the Western District of Arkansas, Mr. Nnawuba has been assessed to be a "Low/1" on the Post-Conviction Risk Assessment, which is the Probation Office's validated tool for assessing risk. Perhaps most importantly, the SDNY Probation Officer advised the Court that had Mr. Nnawuba been supervised in this District, (i) he would likely have been

4

placed on administrative supervision, and (ii) the SDNY Probation Office would likely have supported his request for early termination with six months remaining on his supervised release term.  The Court appreciates the detailed information provided by the two Probation Offices, which information confirms for the Court that early termination is warranted in this case.

Accordingly, the Court GRANTS Mr. Nnawuba's motion for early termination of supervised release, and will endorse the Probation Form 35 under separate cover.  The Clerk of Court is directed to terminate the motion at docket entry 302 and to mail a copy of this Order and the endorsed Probation Form 35 to Mr. Nnawuba at the following address:

> Emeka Nnawuba
> 1590 East Joyce Blvd., Unit 8935
> Fayetteville, AR  72703

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *See Coppedge* v. *United States,* 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated:   March 4, 2026
       New York, New York

                          KATHERINE POLK FAILLA
                         United States District Judge